UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAVONTE R. ARTIS,

    Petitioner,

v.                                             Case No. 2:07-cv-001
                                                  HON. R. ALLAN EDGAR
JERI-ANN SHERRY,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Lavonte R. Artis filed this petition for writ of habeas corpus challenging the validity of his conviction for second degree murder, three counts of assault with intent to commit murder, and felony firearm. Petitioner was convicted by jury and was sentenced to terms of 240 to 480 months imprisonment on the murder conviction, 96 to 240 months on the assault conviction, and two years on the felony firearm conviction. Petitioner was convicted of the murder of Tyrone Benson, who was shot while driving a vehicle in Lansing, Michigan. Three other passengers were in the Benson vehicle. The shooter was in another vehicle. Petitioner denies that he was in the vehicle from which the shots were fired.

Petitioner maintains that his convictions were obtained in violation of his federal rights. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. The identification of petitioner at photographic lineup should have been suppressed where those lineups were conducted in violation of petitioner's right to counsel; Anthony Rogers' in-court identification should have been suppressed where it had no independent basis: and trial court was ineffective for failing to object.

II. Petitioner was denied due process and the right to compulsory process, when the prosecution failed to list and produce known res gestae witnesses, especially where at least one of those witnesses would have corroborated the defense that petitioner was not in the car from which the shooting emanated; and defense counsel was ineffective for failing to object, failing to seek assistance with locating these witnesses and/or failing to request a missing witness jury instruction.

III. Petitioner was deprived of the right to present a defense and the effective assistance of counsel when trial counsel failed to investigate his alibi and unreasonably urged him to abandon his alibi defense.

IV. Petitioner was denied his 5th, 6th and 14th Amendment rights to the U.S. Const. and pursuant to Mich. Const. 1963, Sec. 1, Art. 11; Sec. 17, Art. 1; to fair and impartial trial and equal protection under law, when the prosecutor used alleged codefendant's guilt plea as substantive evidence of petitioner's guilt and when the prosecutor gave testimony by reading codefendant's guilt plea transcripts into the record, implicating petitioner, where the witness failed to recall such implications.

V. Petitioner's 5th, 6th, and 14th Amendments of the U.S. Constitution rights were violated, when the prosecution under "Brady," denied petitioner a full, fair and proper discovery of the evidence against him in a timely fashion.

VI. Petitioner was denied his 5th, 6th and 14th Amendment right of the U.S. Constitution to a fair trial and impartial jury trial and due process and equal protection under law, when the trial court abused is discretion in allowing irrelevant, highly prejudicial testimony which prejudice outweighed the probative value by, confusing the issues, misleading the jury.

VII. Petitioner was denied his 5th, 6th and 14th Amendment rights to the U.S. Constitution to a fair trial and impartial jury trial and due process of the law and equal protection under the law, when the trial

court abused its discretion, limiting defense counsel's cross-examination and failing to give a proper cautionary instruction; counsel was ineffective for excepting [sic] the special instruction, instead of requiring an adequate cautionary instruction.

VIII. Petitioner was denied his constitutional right to a fair trial, because trial counsel was ineffective by failing to request jury instructions on lesser included offense.

IX. Petitioner received an improper and defective sentence because the trial court erroneously scored two offense variables and had an incorrect total for the OV points.

X. Petitioner received an improper and defective sentence because trial counsel was ineffective by suggesting, acknowledging, and agreeing to improperly scored offense variables.

XI. The cumulative effect of the repeated instances of misconduct and constitutional errors denied petitioner a fair and impartial jury trial.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

       The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that his in court identification should have been suppressed because the lineups were conducted without counsel and counsel was ineffective for failing to object to the identification. The Michigan Court of Appeals explained why this claim has no merit:

> When a defendant is in custody, he has the right to have defense counsel present at a photographic showup. *People v Doursey Lee*, 391 Mich 618-624-625; 218 NW2d 655 (1974). However, defense counsel is not required for pre-custody photographic showups, id. at 625, except in unusual circumstances. *People v Cotton*, 38 Mich App 763, 769; 197 NW2d 90 (1972). However, the circumstances in this case were not the unusual circumstances referred to in Cotton. Defendant was (1) not in custody and (2) had not been identified by any of the victims; therefore, defense counsel was not required to be present at the showups. See *People v Ronald Lee*, 243 Mich App 163, 182; 622 NW2d 71 (2000). Because there was no error with the photographic showups, defense counsel was not ineffective for failing to object. See *People v Pickens*, 446 Mich 298, 303; 521 NW2d 797 (1994); *People v Shively*, 230 Mich App 626, 628; 584 NW2d 740 (1998); *People v Knapp*, 244 Mich App 361, 387; 624 NW2d 227 (2001). Additionally, contrary to defendant's assertion, the victim had an independent basis for identifying defendant – the victim was looking at defendant when defendant shot him in the face. See *People v Gray*, 457 Mich 107, 111; 577 NW2d 92 (1998).

Plaintiff has failed to establish that this decision was unreasonable under United States Supreme Court precedent. The Supreme Court has held that the right to counsel at pretrial identification procedures applies only to corporeal lineups after the initiation of adversary judicial criminal proceedings. *Moore v. Illinois*, 434 U.S. 220 (1977). No adversary judicial criminal proceeding had started at the time of the photo identification. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that he was denied his due process right to compulsory process where the prosecution failed to produce known res gestae witnesses and his trial counsel failed to object and failed to request a missing witness jury instruction. The Michigan Court of Appeals rejected these claims deciding:

> Next, defendant argues the prosecutor failed to list res gestae witnesses on it witness list, and defense counsel was ineffective for failing to object, or presumably in the alternative, failing to see assistance to locate these witnesses. Defendant also argues that counsel was ineffective for failing to request a missing witness jury instruction.
>
> "A res gestae witness is a person who witnesses 'some event in the continuum of a criminal transaction' and whose testimony will 'aid in developing a full disclosure of the facts.'" *People v Calhoun*, 178 Mich App 517, 521; 444 NW2d 232 (1989), citation omitted. A prosecutor must notify the defendant of all known res gestae witnesses, *People v Burwick*, 450 Mich 281, 288-289, 292; 537 NW2d 813 (1995), and provide reasonable assistance to locate witnesses at the defendant's request. *People v Gadomski*, 232 Mich App 24, 36; 592 NW2d 75 (1998); MCL 767.40a. In this case, the record is clear that the witnesses complained of were known mostly by street names, thereby hampering the State in its efforts to find the witnesses.
>
> The failure to call supporting witnesses does not inherently amount to ineffective assistance of counsel, *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996), and the failure to present witnesses is acceptable trial strategy. *Calhoun, supra* at 524. While the prosecutor did not list the witnesses on the witness list, defendant knew that the witnesses existed because their names and their purported relationship to the events were part of the preliminary examination testimony.
>
> Trial counsel is strongly presumed to have acted for reasons that fall "within the wide range of reasonable professional assistance." *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). In this case, during closing argument, defense counsel

> commented that the missing witnesses had not been heard from. Defense counsel's decision not to request assistance in locating the witnesses or request the missing witness jury instruction appears to be a strategic decision. By not requesting assistance in finding the witnesses, and the witnesses therefore not being present, defense counsel could point out that all witnesses had not been heard from by the prosecutor; thereby casting doubt on the prosecutor's evidence absent the risk that the witnesses would confirm that defendant was the shooter. Therefore, defense counsel was not ineffective. See *Pickens, supra* at 303; *Shively, supra* at 628; *Knapp, supra* at 387; cf *People v Bass*, 247 Mich App 385, 391; 636 NW2d 781 (2001).

Again, petitioner has not established any violation of United States Supreme Court precedent. Contrary to petitioner's assertion, he was not denied the right to present witnesses. There exists nothing in the record to support a claim that the prosecution purposefully failed to find and call relevant witnesses. Moreover, petitioner's assertion that his trial counsel erred by not objecting to the prosecution's failure to call res gestae witnesses does not establish ineffective assistance of counsel. As the Michigan Court of Appeals noted, counsel could have been concerned about the possibility of one of these witnesses implicating petitioner in the crime. Petitioner has failed to show that this was unreasonable trial strategy.

Petitioner argues that he was denied his right to present a defense when his trial counsel decided not to present an alibi defense. Initially, petitioner and his trial counsel intended to present an alibi defense. However, before the close of trial, petitioner decided with his trial counsel not to present any evidence on the alibi defense. In rejecting this claim, the Michigan Court of Appeals stated:

> Generally, the decision to seek the presence of alibi witnesses is a matter of trial strategy. *People v Stevenson*, 60 Mich App 614, 618; 231 NW2d 476 (1975). Defense counsel investigated defendant's alibi, talked to at least one of the witnesses, and discussed the matter with defendant and defendant's family. Defense counsel was not ineffective for failing to call alibi witnesses who would contradict the theory the defense was putting forth. Presenting the jury with two

opposite and inconsistent theories of the crime – that defendant was not present at the scene of the shooting and that he was present at the scene of the shooting, but he was not the shooter – would only have likely caused the jury to discount all testimony related to defendant's innocence. Therefore, defense counsel was not ineffective. See *Pickens, supra* at 303; *Shively, supra* at 628; *Knapp, supra* at 387; cf *Stevenson, supra* at 618.

Clearly, petitioner cannot establish ineffective assistance of counsel based upon reasonable litigation strategy. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996). Petitioner, in the opinion of the undersigned, cannot establish that the Michigan Court of Appeals' decision was unreasonable or that his counsel was ineffective for failing to present the alibi defense.

Respondent argues that the remaining claims are procedurally defaulted. Petitioner failed to present claims IV through VII on appeal to the Michigan Supreme Court and no longer has an avenue open to appeal those issues to the Michigan Supreme Court. Petitioner agrees that he has procedurally defaulted these issues, but argues that there exists cause and prejudice to overcome his procedural default. Petitioner blames his appellate counsel for not properly informing petitioner that he was not raising issues IV through VII on appeal.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A petitioner may also excuse a default

by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Petitioner asserts that his counsel's failure to adequately communicate to petitioner that he was not presenting these issues to the Michigan Supreme Court constitutes ineffective assistance of counsel which establishes cause for the procedural default. Petitioner asserts that his appellate counsel should have included the supplemental claims that petitioner raised in the Michigan Court of Appeals. Petitioner has not explained why he chose not to raise the supplemental claims, on his own, in the Michigan Supreme Court. Petitioner has not shown prejudice.

As the Michigan Court of Appeals held, the use of a co-defendant's guilty plea transcript to refresh the co-defendant's memory was an evidentiary matter within the discretion of the trial court. Similarly, the court rejected petitioner's *Brady* claim finding that there was no indication that the timing of evidentiary disclosure violated *Brady*. The court found that petitioner's claim that prejudicial testimony was allowed did not violate his rights under Michigan evidentiary rules because the probative value of the testimony outweighed any prejudice. Finally, the court rejected petitioner's claim that the court violated his rights by limiting cross-examination and by failing to give a proper cautionary instruction. The court did not abuse its discretion in controlling the presentation of evidence. Moreover, counsel was not ineffective in failing to object to the instructions provided to the jury. In the opinion of the undersigned, petitioner has failed to show cause and prejudice for his procedural default of these issues.

Respondent also asserts that petitioner procedurally defaulted issues VIII-X. Petitioner raised these claims in a motion for relief for judgment. The claims were rejected in each court under M.C.R. 6.508(D). Under M.C.R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1104, 1006-1007 (6th Cir. 2000). Because M.C.R. 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter, M.C.R. 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). In the opinion of the undersigned, petitioner cannot overcome his procedural default of his claims involving a lesser offense jury instruction and sentencing errors. Similarly, because petitioner has failed to show any constitutional errors in his trial proceedings, petitioner's cumulative error claim lacks merit in this proceeding.

In summary, the undersigned recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 10 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2009