UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAVONTE R. ARTIS,

    Petitioner,

v.                                              Case No. 2:07-cv-1
                                              HON. R. ALLAN EDGAR

JERI-ANN SHERRY,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on October 15, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

A magistrate judge's authority to issue a report and recommendation arises under W.D. Mich. LCivR 72.2. Petitioner argues that the AEDPA does not apply to claims that require an evidentiary hearing. However, there is no requirement to hold an evidentiary hearing on claims that lack merit. Similarly, there is no requirement to allow an expansion of the record in a habeas proceeding. Petitioner has failed to show that he received ineffective assistance of counsel or that the pretrial lineup violated his constitutional rights. Petitioner argues that counsel failed to call

relevant witnesses. There is no dispute that counsel was aware of the witnesses. There existed valid reasons for counsel's decision not to call certain witnesses nor present witnesses for an alibi defense that could contradict the defense theory in the case. It is petitioner's obligation to show that had the witnesses testified the result of the trial would have been different with a "probability sufficient to undermine the confidence in the outcome." *Avery v. Prelesnik*, 548 F.3d 434, 438 (6th Cir. 2008).

Moreover, petitioner has not overcome his procedural default of the remaining issues, because petitioner could not establish that his counsel was ineffective. Petitioner now raises a claim of actual innocence in an effort to overcome his procedural default. Petitioner presents the affidavit of DeWayne Birch who states that he testified falsely that petitioner was the shooter. Mr. Birch testified on February 1, 2002, that he could not remember all the details of the shooting because he was high and intoxicated at the time of the shooting. He did indicate that he had previously told Judge Giddings that petitioner was in his car at the time Mr. Birch fired shots at the other vehicle. Mr Birch testified that he would not state that he lied to a judge and he would not currently adopt the prior statement as the truth. At the trial, DeWayne Birch refused to implicate petitioner stating that he could not remember if petitioner was in the car. DeWayne Birch did state that someone else in the car fired shots, but he never testified that petitioner fired any shots. Accordingly, Mr. Birch's affidavit dated August 2009 is consistent with his testimony at trial and does not provide any newly discovered evidence that could establish petitioner's innocence.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #76) is approved and adopted as the opinion of the Court.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the petitioner in this application for habeas corpus relief because petitioner has failed to make a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).


Dated:     1/7/2010                             */s/ R. Allan Edgar*
                                                R. ALLAN EDGAR
                                                UNITED STATES DISTRICT JUDGE